UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE                                    )
                                         )
ALEXANDER PAVLOVIC                       )    No. 11 B 38405
                                         )
         Debtor.                         )

## OPINION ON DEBTOR'S MOTION TO AVOID LIEN (Docket No. 51)

Debtor has moved under 11 U.S.C. § 522(f) to avoid a judicial lien held by Cook County of Illinois ("County") on Debtor's home.

The facts are not in dispute.

After a long litigation history, County obtained a money judgment for $2,163.75, which included a fine for continued violations of building code ordinances. The Judgment was recorded with the Cook County Recorder of Deeds and thereby became a lien on Debtor's property under Illinois law.

The issue presented here is whether the exercise by the County of its police powers in enforcing its building ordinance, or any rights of sovereign immunity that are derived from its entitlement under Illinois law, block or impede the Debtor's effort to avoid the judicial lien owned by the County when the bankruptcy was filed.

Section 522(f) provides that:

> (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–
>     (A) a judicial lien, other than a judicial lien that secures a debt or a kind that is specified in section 523(a)(5);

It thereby appears as though the quoted provision is intended to avoid all judicial liens except for one exempted group, to wit any judicial lien arising from a domestic support obligation (See 11 U.S.C. § 523(a)(5)). While the lien in issue here clearly is a judicial lien, it is not related to a domestic support obligation. The text of the provision by its terms therefore clearly permits avoidance of the County's lien.

However, our inquiry does not end there, as the 11th Amendment to the United States Constitution grants the individual states (and thus counties in those states that have been relegated certain police powers) possible sovereign immunity from suit in Federal Courts. By its wording that Amendment concerns citizens of other states and counties suing individual states, but the Supreme Court has extended it by interpretation to citizens of a state suing their own state. Hans v. La., 134 U.S. 1 (1890). This raises the question whether this Debtor is able to avoid the lien even though it would require taking action in Federal Court against a state agency.

Sovereign immunity, however, may sometimes be waived or restricted. Pursuant to 11 U.S.C. § 106(a), it is provided in relevant part:

> (a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:
>
> (1) Section 105, 106, 107, 108, . . . , *522* . . . of this title (emphasis supplied)
> (2) The court may hear and determine any issue arising with respect to the application of such sections to governmental units . . .

Section 106 thereby abrogates sovereign immunity with respect to § 522. The issue becomes whether or not 11 U.S.C. §106 validly abrogates the sovereign immunity of the states with respect to actions under the Bankruptcy Code.

Prior to 1996, Congress generally took the position that Congress had the authority to waive State sovereign immunity involving an enumerated power under Article I of the Constitution. However, this changed when the Supreme Court decided <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44 (1996). In <u>Seminole</u>, the Court ruled that Article I did not grant Congress the authority to abrogate State sovereign immunity under any circumstances. <u>Id.</u> In dicta <u>Seminole</u> even suggested that such waiver of sovereign immunity under the Bankruptcy Code would also be invalid. <u>See</u> <u>id.</u> at 72 n.16. <u>Seminole</u> is not the end of the analysis, as the Supreme Court has had the opportunity to take up 11 U.S.C. § 106 on two occasions since.

In 2004, the Supreme Court decided <u>Tennessee Student Assistance Corporation v. Hood</u>, 541 U.S. 440. In <u>Hood</u> the Debtor had filed a Complaint against the Tennessee Student Assistance Corporation (hereinafter "TSAC") seeking discharge of her student loans and TSAC filed a motion to dismiss the Complaint, claiming sovereign immunity and relying, in part, on <u>Seminole</u>. <u>Id.</u>, 444-46. <u>Hood</u> held ultimately most bankruptcy jurisdiction is *in rem* jurisdiction as opposed to *in personam* jurisdiction, and that sovereign immunity is not impugned by a Federal Court's exercise of *in rem* jurisdiction. <u>Id</u>, at 440.

In 2006, the Supreme Court went one step further, expressly rejecting the dicta in <u>Seminole</u>. <u>See</u> <u>Central Virginia Community College v. Katz</u>, 546 U.S. 356 (2006). In <u>Katz</u>, the Chapter 7 Trustee sought return of certain preference payments to Central Virginia Community College (hereinafter "CVCC") and CVCC asserted sovereign immunity as a defense. <u>Id.</u> at 358. <u>Katz</u> declined to decide the issue as to whether or not Congress has the authority to waive sovereign immunity in bankruptcy cases. Rather the Opinion held that at the time of the adoption of the Constitution, the States, being aware of the inherent problems of piecemeal bankruptcy law, understood and chose to waive sovereign immunity for the purposes of permitting effective

bankruptcy laws. Id. at 378. The Opinion then further chooses to define 11 U.S.C. § 106 as a provision that simply indicates those other provisions where express Congressional waiver of sovereign immunity is necessary to fully effectuate the Bankruptcy Code. Id. at 379.

Therefore, under Katz, sovereign immunity does not bar a debtor from seeking to avoid a judicial lien under 11 U.S.C. § 522 held by a state or county.

The County's brief in response argues that a judicial lien is not involved here because a civil fine or penalty is sought to be enforced. It also argues that under 11 U.S.C. § 523(a)(7) a bankruptcy debtor is not discharged from a fine such as that involved here (when the fines are non-compensatory). See also U.S. v. WRW Corp., 986 F.2d 138 (6th Cir. 1993). It may nonetheless be possible in a Chapter 13 Bankruptcy case (which this is) for a debtor to claim a discharge of the fine in issue under 11 U.S.C. § 1328(a), since part (a)(2) thereof does not except from discharge debts specified in § 523(a)(7). However, that issue is not now presented here.

It does appear, subject to possible application of § 1328(a), that the fine sought to be collected by the judgment held by the County may not be dischargeable in Chapter 13. However, it also appears that Congress has clearly not excepted such fines from avoidance when sought to be collected through a judicial lien.

In short, the possible power of the County to continue collection efforts is not inconsistent with the statutory right of debtors to protect homestead exemptions in their homes.

Therefore, by separate order the subject judicial lien will be avoided.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 10th day of July 2012.

11 B 38405<br>
In re: Alexander Pavlovic

## CERTIFICATE OF SERVICE

I, Dorothy Clay certify that on July 10th 2012, I caused to be served copies of the foregoing document to the following by electronic service through the Court's CM/ECF system or regular U.S. mail:

_____
Secretary/Deputy Clerk

### Electronic Service through CM/ECF System

Philip A Igoe
The Igoe Law Firm, Ltd.
35 E Wacker Drive
9th Floor
Chicago, IL 60601
Counsel for Debtor

Lauren Klein
State's Attorney's Office of Cook County
500 Richard J. Daley Center
Chicago, IL 60602
Counsel for County of Cook

Nathan J Reusch
Randall S. Miller & Associates, PC
120 N. LaSalle Street, Ste. 1140
Chicago, IL 60602
Counsel for Ocwen Loan Servicing

Tom Vaughn
55 E. Monroe Street, Suite 3850
Chicago, IL 60603
Trustee

### First Class Mail

Alexander Pavlovic
147 Brookfield Ave
Mount Prospect, IL 60056
Debtor